1 | Mandy G. Leigh SBN 225748
Leigh Law Group
2 | 870 Market St, Ste 1161
San Francisco, CA 94102
3 | tel(415) 399-9155  fax(415) 399-9608
mleigh@leighlawgroup.com
4

5 | Attorney for Plaintiff

6

7

8 |                    UNITED STATES DISTRICT COURT

9 |         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | D.A., a minor, by and      )    CASE NO.
through his Guardian Ad  )
12 | Litem, LATASHA ADAMS,      )    COMPLAINT FOR REVERSAL OF
                           )    ADMINISTRATIVE DUE PROCESS
13 |        Plaintiff,         )    DECISION
                           )
14 |        v.                 )
                           )
15 | FAIRFIELD-SUISUN UNIFIED)
SCHOOL DISTRICT and      )
16 | VACAVILLE UNIFIED SCHOOL)
DISTRICT, Local          )
17 | Educational Agencies,    )
and CALIFORNIA            )
18 | DEPARTMENT OF EDUCATION,)
A State Educational      )
19 | Agency,                  )
                           )
20 |        Defendants.        )
                           )

21

22 |      Plaintiff D.A. alleges as follows:

23 |                    **JURISDICTION AND VENUE**

24 |      1. This court has original jurisdiction of this

25 | action under 28 U.S.C. § 1331 because it arises under

26 | the Individuals with Disabilities Education Act (IDEA),

27 | 20 U.S.C. § 1400, et seq.  This is an action for

28 | reversal of the IDEA administrative due process

1 Decision rendered by the Office of Administrative
2 Hearings ("OAH") in Case No. 2010080262.

3     Jurisdiction is conferred by 28 U.S.C. 1343.

4     2. Venue is proper in the Eastern District of
5 California under 28 U.S.C. § 1391(b) because Plaintiff
6 and Defendants are located in this district and the
7 claims arose in this district.

8     3. Exhaustion of administrative remedies has been
9 satisfied, as D.A. has pursued and exhausted his
10 administrative remedies through a state due process
11 administrative hearing, Case No. 2010080262 and through
12 a compliance complaint to the California Department of
13 Education in Case # S-02799-09/10.

14                           **THE PARTIES**

15     4. D.A. is a thirteen-year old student who, at all
16 times relevant to this complaint, has been enrolled in
17 the Fairfield-Suisun Unified School District ("FSUSD")
18 and in the Vacaville Unified School District ("VUSD").

19     5. Defendant FSUSD is, and at all times herein
20 mentioned was, a school district duly organized and
21 existing under the laws of the State of California as a
22 local educational agency (LEA). At the times relevant
23 to this matter, when D.A. attended school in FSUSD,
24 that district had responsibility for the provision of
25 education to D.A. and the duty to comply with all
26 mandates of the Individuals with Disabilities Education
27 Act.

28     6. Defendant VUSD is, and at all times herein

2

1 mentioned was, a school district duly organized and
2 existing under the laws of the State of California as a
3 local educational agency (LEA). At the times relevant
4 to this matter, when D.A. attended school in VUSD, that
5 district had responsibility for the provision of
6 education to D.A. and the duty to comply with all
7 mandates of the Individuals with Disabilities Education
8 Act.

9    7.   Defendant California Department of Education
10 ("CDE") is and was the state educational agency
11 organized and existing under the laws of the State of
12 California.  The IDEA mandates that California's State
13 Educational Agency be responsible for the provision and
14 supervision of the educational placement and related
15 services for all individuals with exceptional needs who
16 reside within the State. 20 U.S.C. § 1412(a)(6),(11)
17 As the State educational agency, CDE is the entity
18 ultimately responsible for ensuring that all students
19 receive a FAPE, for ensuring that the due process
20 procedures, rights, and protections are available to
21 students with handicaps and their parents (20 U.S.C. §
22 1415 and C.E.C. §§ 56505, 56506) and for providing for
23 complaint procedures to students and their families
24 regarding allegations of failures to comply with State
25 and federal law. CCR Title 5 Section 4660 et seq.  The
26 rights provided to students in due process hearings
27 include the right to a hearing conducted by someone who
28 is knowledgeable in federal and state special education

3

1 | laws and who can render decisions in accordance with
2 | standard legal practice.

3 | **COMPLAINT**

4 |     8.  D.A. was the subject of and Petitioner in a due
5 | process administrative hearing through the California
6 | Office of Administrative Hearings (hereinafter OAH)
7 | Case No. 2010080262.  All issues raised in that due
8 | process hearing were either dismissed by the
9 | administrative law judge ("ALJ")or heard and decided;
10 | Plaintiff has exhausted his administrative remedies.
11 | Plaintiff, contends that the findings and order by the
12 | ALJ were not supported by the evidence at hearing nor
13 | by the law and that, to paraphrase the ALJ, the
14 | significance of the ALJ's mistakes cannot be
15 | overstated.

16 |     9.  D.A. resides with his mother, who is the sole
17 | support of D.A. and his brother.  During the period at
18 | issue, D.A.'s mother worked three part-time jobs to
19 | support her family and, at the same time, attended
20 | school almost full time.  She never intentionally
21 | failed to attend any IEP for her son, D.A., and she
22 | attempted, at every step, to cooperate and work with
23 | FSUSD and VUSD.

24 |     10. D.A. was first found eligible for special
25 | education at age three, in 2001 when his eligibility
26 | was in the area of Speech and Language.

27 |     11. Over the years, D.A. struggled with academics,
28 | with language, and with auditory processing.  He was

4

1 given some minimal remedial reading services but those
2 services were not provided in the amount or type of
3 program identified by the California Department of
4 Education ("CDE") as appropriate for a student who is
5 behind in his reading skills.

6     12. D.A. entered fourth grade in Fairfield-Suisun
7 Unified School District ("FSUSD") in fall 2008, and an
8 Individualized Education Program ("IEP") meeting was
9 held in October 2008. At that time, D.A. could not
10 read, write, or performing math at his grade level and
11 was, in fact, several years behind his peers in
12 academics.

13     13. D.A.'s mother asked for an Independent
14 Educational Evaluation ("IEE") of her son in Speech and
15 Language and in psycho-education. She also requested
16 an assessment in auditory processing disorder.

17     14. Over the 2008-09 school year, FSUSD failed to
18 provide the requested IEEs in a timely and reasonable
19 manner and failed to offer any assessment in auditory
20 processing. Instead, it offered an "audiological"
21 assessment for D.A. which "Measures the nature and
22 degree of possible hearing loss", and failed to accept
23 the qualified IEE assessors proposed by the mother or
24 to send a contract for such assessment to the IEE's
25 correct address.

26     15. A continued IEP, to determine present levels
27 of performance and educational baselines and to
28 complete goals and objectives and the IEP for D.A. was

1 convened on March 19, 2009.

2      16. When FSUSD scheduled another IEP meeting for
3 May 22, 2009, D.A.'s mother timely informed FSUSD that
4 she had a school final at the time of the meeting.
5 However, without re-scheduling the meeting, and in
6 violation of simple federal and State requirements to
7 hold the IEP meeting at a time and date convenient for
8 the parent, FSUSD held the IEP without the parent.
9 She had no meaningful participation into the determin-
10 ations made at that meeting.

11      17. In summer 2009, D.A. and his family moved from
12 FSUSD to Vacaville Unified School District ("VUSD").
13 The mother, at the time of the recent FSUSD IEP
14 meetings, did not know when or if she would be moving
15 out of FSUSD.

16      18. Several IEP meetings were held for D.A. during
17 the 2009-10 school year. In August 2009 an IEP was
18 held, and D.A.'s reading skills were identified as
19 being at 2nd grade level - or maybe lower, his writing
20 was at 3rd grade level, and he did not know his math
21 facts. VUSD agreed to conduct the long-requested
22 assessment of D.A. in auditory processing and in Speech
23 and Language.

24      19. In October 2009, D.A.'s "severe receptive and
25 expressive language deficits" were identified. D.A.,
26 however, was not provided with any State recommended
27 services - no Intensive Intervention services - for
28 reading as recommended by CDE. Throughout the due

1  process matter, Plaintiff has contended that D.A. was
2  entitled to and required "Intensive Intervention"
3  services in reading, all as identified by CDE in its
4  State English-Language Arts Curriculum Framework; at no
5  time was D.A. provided with the 2.5 to 3 hours per day
6  of services which CDE recommended to catch him up to
7  his grade level.

8      20. Instead of providing D.A. with the educational
9  services he required to increase his academic skills,
10 VUSD instead moved D.A. to the most restrictive public
11 school placement - a Special Day Class. There he was
12 to be given "intensive therapy for reading"; the
13 therapy for reading never materialized, and D.A. failed
14 to make progress in his reading and in other academic
15 areas.

16     21. In fact, after the end of the due process
17 hearing, VUSD moved D.A. out of the Special Day Class,
18 where he was then earning "D" and "F" grades, and back
19 into a regular education class.

20     22. As of last days of hearing, in December 2010,
21 when D.A. was in sixth grade, evidence established that
22 D.A. had not met his annual goals in most areas of
23 reading and that he continued to remain on a 3rd to 4th
24 grade level in reading, at least two years behind his
25 grade level in reading.

26     23. At hearing, Plaintiff had presented a final
27 CDE Compliance Complaint Report. That report, issued
28 in December 2009, had not been appealed by either party

7

1  and, although addressed in a prior due process case,
2  No. 2010020396, all issues regarding IEEs had been
3  resolved in that matter.

4      24. The ALJ reviewed the CDE Compliance Complaint
5  and, without any issue being raised at hearing about
6  the requested IEEs and without authority by the ALJ to
7  hear and determine the IEE issue, found the CDE report
8  to be "seriously flawed and incomplete."  The ALJ found
9  that the CDE Report "is not binding on this tribunal."

10
                    **FIRST CAUSE OF ACTION**
11
                For Reversal of the OAH Decision In
12                    OAH Case No. 2010080262

13     25. Plaintiff incorporates by reference each and
14  every allegation of Paragraphs 1 through 24 of the
15  Complaint as though fully set forth herein.

16     26. The evidence at hearing established that FSUSD
17  and VUSD committed substantial procedural and
18  substantive violations of IDEA and State law and that,
19  as admitted by Districts' staff under oath, D.A. was
20  several years below grade level in his academics during
21  the period at issue for hearing, and that both FSUSD
22  and VUSD failed to provide D.A. with the intensive
23  intervention services in reading, identified by the
24  California Department of Education, that he required.

25     27. The evidence at hearing also established that
26  D.A.'s mother and educational consultant reasonably,
27  timely, and politely requested assessments in suspected
28  areas of need for D.A. and that they attempted to work

                               8

1 with FSUSD and VUSD at every step, even when they did
2 not agree with the districts. Nothing that the parent
3 or consultant did was beyond the rights guaranteed to
4 parents under federal and State law - including
5 attempting to clarify an assessment plan for hearing
6 and offering qualified IEE evaluators to conduct Speech
7 and Language and psycho-educational evaluations of
8 D.A.

9    28. Despite the evidence at hearing, the
10 administrative law judge made multiple findings that
11 were not supported by the facts or by the law,
12 discredited the qualified experts - including an
13 expert hired by VUSD - without basis and without any
14 contradictory expert testimony regarding the experts'
15 opinions, appeared not to know and did not apply simple
16 and clear special education laws, blamed the parent for
17 the failings and violations of IDEA by both FSUSD and
18 VUSD, faulted the parent for D.A.'s lack of educational
19 progress, failed to determine D.A.'s current reading
20 and other academic levels, failed to treat the parent
21 and the educational consultant in a fair and unbiased
22 manner (failing to mention the mother's three jobs and
23 school schedule but gratuitously referencing her
24 "Section 8" eligibility and wrongly blaming the
25 consultant for her requests for and inquiries about
26 assessments and for appropriate goals - as required by
27 IDEA and State law), failing to read the evidence
28 admitted at hearing (on several issues and findings)

and making conclusions contradicted by that evidence,
failing to recognize D.A.'s auditory processing
deficits- as diagnosed by the only clinical audiologist
to testify at hearing, failing to give deference to the
un-appealed CDE agency report of December 2009, finding
fault with D.A.'s mother for moving away from FSUSD
without letting that district know of her move in
advance, failing to give appropriate (i.e. little or
no) weight to D.A.'s three fourth grade teachers in
"identifying" his unique educational needs, failing to
clarify his (ALJ's) finding that D.A. had made five
months' growth in reading (which was in Reading Fluency
only and was not objectively measured), finding -
without any documentary evidence - that VUSD had
provided D.A. with "Earrobics," "Language!," and
Lindamood-Bell services, among many, many other errors
at hearing.

## SECOND CAUSE OF ACTION

For Violation of Rehabilitation Action Section 504
Against CDE

29. Plaintiff incorporates by reference each and
every allegation of Paragraphs 1 through 28 of the
Complaint as though fully set forth herein.

30. The IDEA has established a system for the
hearing and determination of a due process complaint
as well as compliance complaints through State
agencies. Pursuant to the procedure for agency
complaints, Plaintiff brought and had determined a

10

1 compliance complaint through the State of California's
2 Department of Education in Case No. S-0279-09/10. The
3 investigation was properly conducted, was not appealed,
4 and was addressed, in part, in a due process hearing at
5 which the parties reached settlement of the IEE issues.
6 Plaintiff had a right to a fair determination of the
7 issues raised in the compliance complaint filed in
8 November 2009.

9   31. IDEA has also established a system for the
10 bringing and hearing of due process complaints for the
11 determination of issues of FAPE. Plaintiff had sought
12 a due process hearing through the CDE's hearing office,
13 the California Office of Administrative Hearings
14 ("OAH"). Pursuant to federal and State law, Plaintiff
15 had a right to a hearing by an administrative law judge
16 who was trained and knowledgeable in special education.

17   32. The ALJ was not trained or knowledgeable about
18 special education law. His lack of understanding and
19 application of IDEA including multiple areas of basic
20 special education law, including parent rights, the
21 actions a district may take following an IEE request, a
22 local educational agency's obligation to adopt its
23 assessor's recommendations (here, Ms. Gillilan),
24 requirements that uncorroborated hearsay- such as the
25 Regional Center report - not be relied on at hearing,
26 an ALJ's inability to hear issues not raised and/or
27 previously determined, the qualifications for an IEE
28 and limitations on a SELPA's ability to reject

11

1 qualified private assessors, the right of a parent to
2 an IQ assessment, the ability of experts to give
3 opinions regarding the prior existence of a student's
4 disabilities, the inapplicability of "the Snapshot
5 Rule" when a district has ignored a child's needs and
6 deficits, and the duties of a district to timely
7 complete an annual IEP and create baselines for goals
8 and to determine placement and services on those goals,
9 among many other special education procedures and laws
10 meant that his Decision was seriously flawed. In short,
11 his findings were not supported by the evidence at
12 hearing nor by the law.

13    33.   The ALJ failed to address the CDE Language
14 Arts Framework, which FSUSD and VUSD teachers/witnesses
15 acknowledged they must follow and failed to compare the
16 CDE list of programs of "Intensive Intervention"
17 programs to what D.A. received (which was not one of
18 those identified by CDE). And the ALJ failed to
19 address the fact that never in his time in FSUSD and
20 VUSD had D.A. received the 2.5 to 3.0 hours per day of
21 "Intensive Intervention" described by the CDE Language
22 Framework for students who are two or more years behind
23 grade level in reading and that, as a direct result,
24 D.A. remained, as of the last day of the due process
25 hearing, more than two years behind his grade level in
26 the area of reading - and in other academic areas.

27    34.  CDE has been repeatedly informed of the failure
28 of the failure of its agency, OAH and its ALJs, to

12

1 produce decisions which comply with State and federal
2 special education law.  CDE is well aware of the rate
3 of reversals of OAH decisions and that parents rarely
4 prevail at an OAH hearing and that, in particular this
5 ALJ was not appropriately trained to hear and determine
6 a due process matter.

7       35. CDE is also aware that its Compliance Complaint
8 investigator, Anita Salvo, undertook and completed an
9 investigation and report in Case No.
10 and that the OAH ALJ in this matter, without authority
11 to act, denied and ignored the Corrective Actions in
12 that CDE Report.  CDE has been informed that there are
13 two findings – one by Ms. Salvo and one by the ALJ,
14 which are contradictory.   Nevertheless, CDE has stood
15 by, taking no action to either correct the OAH ALJ and
16 his improper findings regarding the CDE Report or to
17 issue another report.   CDE has displayed deliberate
18 indifference to the actions of its own ALJ, who acted
19 beyond his jurisdiction and authority.

20                  **THIRD CAUSE OF ACTION**

21        For Denial of Due Process Rights by CDE

22      36. Plaintiff incorporates by reference each and
23 every allegation of Paragraphs 1 through 35 of the
24 Complaint as though fully set forth herein.

25      37. Plaintiff and his mother were entitled to a
26 due process hearing with an ALJ who was trained and
27 knowledgeable about special education and related laws.
28      38. CDE failed to provide an administrative law

                           13

1  judge for Plaintiff's due process hearing who was both
2  trained and knowledgeable in special education and in
3  related laws and, instead, provided an ALJ who, in his
4  findings, came to conclusions that were not supported
5  by the evidence at hearing, that ignored basic special
6  education law, and that were beyond his authority.

7      39. CDE's failure to appropriately oversee the
8  training of the ALJ resulted in the Decision issued
9  herein, which has resulted in additional delay to D.A.
10 of FAPE and additional denial of appropriate services
11 and placements to allow him to make educational
12 progress.

13                    **PRAYER FOR RELIEF**

14     WHEREFORE, Plaintiffs pray for relief as follows:
15     1.  For an order that the findings and Order of the
16 administrative law judge in the underlying
17 administrative due process matter, Case No. 2010080262
18 were not supported by the evidence at hearing nor by
19 the law;

20     2.  For an order that D.A. was denied a FAPE by the
21 many procedural and substantive violations of FAPE by
22 both FSUSD and VUSD and that the parent's actions did
23 not prevent nor interfere with either local educational
24 agency's ability to assess, identify, and address
25 D.A.'s unique educational needs and to offer him a
26 FAPE.

27     3.  For an order that D.A. be provided with the
28 compensatory education recommended at hearing by the

                              14

1 | experts who evaluated him;

2 |     4.   For an order for reasonable attorney's fees and
3 | costs incurred by the guardian in the prosecution of
4 | the underlying due process matter, Case No. 2010080262;

5 |     5.   For reasonable attorney's fees and costs
6 | incurred in the bringing and prosecution of this
7 | matter;

8 |     6.   For such further and additional relief as the
9 | Court may deem just and proper.

10 | Dated: April 28, 2011

11 |                                MANDY G. LEIGH
12 |                                Attorney for Plaintiff

13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |