IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| D.A., a minor, by and through his Guardian ad Litem, LATASHA ADAMS, an individual, | ) ) ) ) | 2:11-cv-01174-GEB-KJN |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) | |
| FAIRFIELD-SUISUN UNIFIED SCHOOL DISTRICT and VACAVILLE UNIFIED SCHOOL DISTRICT, Local Educational Agencies, and CALIFORNIA DEPARTMENT OF EDUCATION, a State Educational Agency, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendant California Department of Education ("CDE") moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) of Plaintiff's second claim, in which Plaintiff alleges a violation of § 504 of the Rehabilitation Act ("§ 504"), 29 U.S.C. § 701 et seq.; and for dismissal of Plaintiff's third claim, in which Plaintiff alleges a violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. Plaintiff D.A. ("D.A."), by and through his Guardian Ad Litem, Latasha Adams ("Adams" and collectively, "Plaintiff"), opposes the motion.

# I. LEGAL STANDARD

"In reviewing the dismissal of a complaint, we inquire whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009)). The material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. Al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, this tenet "is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (internal citation omitted).

# II. BACKGROUND

D.A. is a thirteen-year old student who was "first found eligible for special education at age three." (Compl. ¶¶ 4, 10.) D.A. was enrolled in the Fairfield-Suisun Unified School District ("FSUSD") during the 2008-2009 school year and in the Vacaville Unified School District ("VUSD") during the 2009-2010 school year. (Compl. ¶¶ 4, 12, 17-18.) Plaintiff alleges that FSUSD and VUSD failed to properly evaluate D.A. and failed to provide D.A. with special educational

services recommended by CDE while D.A. was enrolled in FSUSD and VUSD. (Compl. ¶¶ 11, 14-20.)

Plaintiff filed a complaint with CDE in 2009, which resulted in CDE's issuance of a Compliance Complaint Report ("CDE Report") in December 2009. (Compl. ¶ 23.) Plaintiff argues in his opposition that the CDE Report concluded "that FSUSD had failed to comply with federal law in responding to [Adams'] request for Independent Educational Evaluations by her chosen assessor 'without unreasonable delay.'" (Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Opp'n") 2:14-18.)

Plaintiff subsequently filed a "due process complaint" with the Office of Administrative Hearings ("OAH"), "alleging that both FSUSD and VUSD had failed to offer and provide D.A. with a Free Appropriate Public Education" as required under the IDEA. (Opp'n 4:3:26-4:2.) An administrative law judge ("ALJ") employed by OAH conducted evidentiary hearings and found in favor of FSUSD and VUSD. (Compl. ¶ 28.)

Plaintiff seeks in his first claim reversal of the ALJ's decision. (Compl. ¶¶ 25-28.) Plaintiff alleges in his second claim that CDE violated § 504, because the "ALJ was not appropriately trained to hear and determine a due process matter[,] [and] . . . CDE has stood by, taking no action to either correct the OAH ALJ and his improper findings regarding the CDE Report or to issue another report." (Compl. ¶¶ 34-35.) Plaintiff alleges in his third claim that CDE violated the IDEA by "fail[ing] to provide an [ALJ] for [the] due process hearing who was both trained and knowledgeable in special education and in related laws and [by], instead, provid[ing] an ALJ who, in his findings, came to conclusions that were not supported by the evidence at [the] hearing, that ignored basic special education law, and that were beyond [the ALJ's] authority." (Compl. ¶ 38.)

3

### III. DISCUSSION

CDE argues Plaintiff's second claim "fail[s] to state a claim for relief under [§] 504 against CDE[,]" since Plaintiff "fails to allege that [D.A.] was denied a benefit solely by reason of his disability" and "fails to allege a nexus between any adverse actions as a result of any conduct on the part of CDE." (Def.'s Mot. to Dismiss ("Mot.") 10:17-26.) Plaintiff does not oppose this portion of CDE's motion in his opposition brief.  "A plaintiff bringing suit under § 504 must show (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001). Plaintiff's second claim is devoid of plausible factual allegations from which a plausible inference could be drawn that the CDE is exposed to liability for the ALJ's alleged lack of training about which Plaintiff complains, and/or that the CDE was required to take action to either correct the OAH ALJ or to issue another report. Therefore, CDE's motion to dismiss Plaintiff's second claim is granted.

CDE argues Plaintiff's third claim should be dismissed, since "CDE cannot be liable for the purported errors of the [OAH, an] *independent and impartial* hearing office, even if the Court finds that the decision of [the ALJ] was erroneous and should be overturned." (Mot. 9:12-14.) CDE also argues that this claim is comprised of "only . . . conclusory statements and legal conclusions[,] . . . [lacks] any supporting facts[,]" and "fails to allege any [causal] link between CDE's action and OAH's decision." (Mot. 8:12-13, 9:11-12.) Plaintiff counters that CDE is the state agency responsible for implementing the hearing system required by the IDEA and that "CDE failed to provide a

4

hearing officer for D.A.'s hearing who was fully trained in special education [laws]." (Opp'n 5:19-6:2.)

However, Plaintiff fails to state a "plausible claim for relief" in his third claim, since Plaintiff's complaint is devoid of factual allegations from which a plausible inference could be drawn that CDE is responsible for the alleged lack of training of the ALJ who presided over Plaintiff's due process hearing. Cafasso, 637 F.3d at 1054; see M.M. & E.M. v. Lafayette Sch. Dist., Nos. C 09-03668 SI & C 09-04624, 2010 WL 2231818, *8 (N.D. Cal. June 2, 2010) ("Plaintiff[] ha[s] not cited any authority to support the proposition that [CDE] [has] supervisory responsibility with respect to OAH hearing officers, and California law compels a contrary conclusion."). Therefore, CDE's motion to dismiss Plaintiff's third claim is granted.

## IV. CONCLUSION

For the stated reasons, Plaintiff's second and third claims are dismissed. Plaintiff is granted fourteen (14) days from the date on which this order is filed to file a First Amended Complaint addressing the deficiencies in any dismissed claim.

Dated: January 26, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

5