IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.A., a minor, by and through his Guardian Ad Litem, LATASHA ADAMS, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FAIRFIELD-SUISUN UNIFIED SCHOOL DISTRICT and VACAVILLE UNIFIED SCHOOL DISTRICT, Local Educational Agencies, and CALIFORNIA DEPARTMENT OF EDUCATION, a State Educational Agency,<br><br>　　　　　　Defendants. | 2:11-cv-01174-GEB-KJN<br><br>ORDER DISMISSING PLAINTIFF'S SECOND AND THIRD CLAIMS WITH PREJUDICE |

　　　　　Defendant California Department of Education ("CDE") moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for an order dismissing with prejudice Plaintiff's second and third claims in his First Amended Complaint ("FAC"). Plaintiff alleges in his second claim that CDE violated § 504 of the Rehabilitation Act ("§ 504"), 29 U.S.C. § 701 et seq.; and alleges in his third claim that CDE violated the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. The essence of both claims is that the IDEA imposes on CDE the responsibility to supervise and train administrative law judges ("ALJ") who conduct administrative "due process hearings," including the ALJ who presided over the hearing involving Plaintiff D.A.'s administrative "due

process complaint." Plaintiff D.A. ("D.A."), by and through his Guardian Ad Litem, Latasha Adams (collectively, "Plaintiff"), opposes the motion.

## I. LEGAL STANDARD

Decision on CDE's Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (citation and internal quotation marks omitted); see also Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555 (2007))(stating "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

## II. BACKGROUND

Plaintiff alleges in the FAC that "D.A. is a thirteen-year-old student" who "was first found eligible for special education at age

2

three[.]" (FAC ¶¶ 4 & 10.) D.A. was enrolled in the Fairfield-Suisun Unified School District ("FSUSD") during the 2008-2009 school year and in the Vacaville Unified School District ("VUSD") during the 2009-2010 school year. (FAC ¶¶ 4, 12 & 17-18.) Plaintiff alleges that FSUSD and VUSD failed to properly evaluate and provide D.A. with special educational services recommended by CDE while D.A. was enrolled in these districts. (FAC ¶¶ 14 & 20.)

Plaintiff filed a due process complaint with the Office of Administrative Hearings ("OAH"), in which he alleged VUSD and FSUSD violated the IDEA by failing to conduct necessary assessments and to provide him with state-recommended educational services. (FAC ¶¶ 8 & 18-19.) An ALJ employed by OAH conducted an evidentiary hearing concerning Plaintiff's due process complaint and found in favor of FSUSD and VUSD. (Compl. ¶ 28.)

Plaintiff alleges in his second claim that "D.A. is a person with a disability who is qualified to receive benefits and protections" under § 504; that "[t]he ALJ who heard D.A.'s due process matter was neither fully trained nor appropriately knowledgeable about many aspects of special education law"; and that D.A. was denied the benefit of a due process hearing and a free appropriate public education because CDE "failed to provide an appropriately trained ALJ[.]" (FAC ¶¶ 30, 34, 35 & 42.) Plaintiff alleges in his third claim that CDE violated the IDEA by failing "to appropriately oversee the training of the ALJ and to ensure that [the ALJ] was qualified and knowledgeable to hear and determine the issues raised in the underlying hearing"; and that this failure "resulted in the [adverse ALJ] Decision . . . [and] prevented D.A. from receiving [a free appropriate public education.]" (FAC ¶¶ 47 & 49.)

## III. DISCUSSION

CDE argues Plaintiff's second and third claims should be dismissed, contending that "Plaintiff has not established any cognizable legal theory against [CDE] which would entitle [him] to relief." (Def.'s Mot. 8:25-26.) CDE argues these claims are "premised on [the ALJ's] decision denying [Plaintiff's] IDEA claims" and "CDE cannot be liable for the purported errors of the *independent and impartial* hearing office" since "CDE has no role in [OAH] hearings and . . . has complied with its duties to ensure there is a due process procedure in place." (Def.'s Mot. 10:6, 10:18-19 & 11:10-11 (emphasis in original).)

Plaintiff counters:

> CDE failed to provide [an ALJ] for [Plaintiff's] hearing [who] was fully trained in special education and in related laws . . . . The result of CDE's failure is the Decision which is the subject of [Plaintiff's claims] and which . . . fails to address both the evidence admitted at hearing as well as basic and well established special education laws. The lack of appropriate training of the ALJ is the primary cause of the issuance of an incorrect OAH decision[.]

(Pl.'s Opp'n 5:17-27.) Plaintiff also argues his "allegation that CDE failed to properly oversee the due process hearing system, including the appropriate training of the [ALJ] . . . , is not a conclusory statement[.]" (Pl.'s Opp'n 8:15-20.)

The gravamen of Plaintiff's allegations in the claims at issue is that CDE failed to train and oversee the ALJ who decided Plaintiff's due process complaint; the ALJ's decision was incorrect because the ALJ did not have the appropriate training or knowledge of special education law; and the ALJ's erroneous decision deprived D.A. of a free appropriate public education and a due process hearing to which D.A. was entitled under the IDEA. (FAC ¶¶ 34, 35, 42, 45 & 49.)

4

However, "Plaintiff[] ha[s] not cited any authority to support the proposition that [CDE] . . . ha[s] supervisory responsibility with respect to OAH hearing officers, and California law compels a contrary conclusion." M.M. & E.M. v. Lafayette Sch. Dist., Nos. C 09-03668 & C 09-04624, 2010 WL 2231818, *8 (N.D. Cal. June 2, 2010). "CDE is required by statute to contract with a separate state agency or a nonprofit organization to provide educational due process hearings." Id. (citing Cal. Educ. Code § 56504.5(a)). During the pendency of Plaintiff's due process hearing, the OAH "contracted with CDE to provide . . . due process hearings[.]" (Pl.'s Opp'n 7:4-5.) Under California law, "[a]n OAH [ALJ] assigned to conduct a hearing for another agency 'shall be deemed an employee of [OAH] and not of the agency to which he or she is assigned[,]'" and OAH is responsible for supervising and training its ALJ's. Id. (citing Cal. Gov't Code § 11370.3; see Cal. Code Regs. tit. 5, §§ 3096-3096.2 (requiring the agency with which CDE contracts to appoint a person or persons to supervise hearing officers and due process hearings performed under the contract).

Therefore, "Plaintiff[] cannot state a claim against [CDE] . . . based on CDE's alleged failure to oversee the actions of an independent hearing officer over which CDE lacks supervisory authority. M.M., 2010 WL 2231818, at *8; cf. Lillbask v. Sergi, 117 F. Supp. 2d 182, 198 (D. Conn. 2000) (discussing analogous state law and concluding: "State Defendants are not liable for the decision [of an independent, impartial hearing officer], even though erroneous . . . [, since l]iability may not flow from decisions over which State Defendants have no control and can not legally influence.").

For the stated reasons, Plaintiff fails to allege facts supporting his second and third claims from which a reasonable inference

could be drawn that CDE could be liable under § 504 or the IDEA for injuries allegedly caused by the ALJ's decision. Further, since Plaintiff failed to cure the deficiencies for which these claims were previously dismissed, it is now evident that these claims not actionable, and these claims are dismissed with prejudice. Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there [is] no need to prolong the litigation by permitting further amendment.").

## IV. CONCLUSION

For the stated reasons, Plaintiff's second and third claims are dismissed with prejudice.

Dated:  April 13, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge