IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

D.A., a minor, by and through       )
his Guardian Ad Litem, LATASHA      )    2:11-cv-01174-GEB-KJN
ADAMS, an individual,               )
                                    )
              Plaintiff,            )    ORDER DENYING PLAINTIFF'S
                                    )    MOTION FOR LEAVE TO CONDUCT
        v.                          )    DISCOVERY AND SUPPLEMENT THE
                                    )    RECORD
FAIRFIELD-SUISUN UNIFIED SCHOOL     )
DISTRICT and VACAVILLE UNIFIED      )
SCHOOL DISTRICT, Local              )
Educational Agencies,               )
                                    )
              Defendants.           )
_____)

        D.A. ("D.A."), by and through his Guardian Ad Litem, Latasha

Adams ("Plaintiff"), moves for leave to conduct discovery and supplement

the administrative record. Plaintiff's discovery request concerns his

appeal of an administrative due process decision under the Individuals

with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1415.

Defendants Fairfield-Suisun Unified School District ("FSUSD") and

Vacaville Unified School District ("VUSD," and collectively,

"Defendants") oppose the motion.

        The IDEIA requires a court hearing an appeal of an

administrative due process decision to "receive the records of the

administrative proceedings . . . [and] hear additional evidence at the

request of a party[.]" 20 U.S.C. § 1415(i)(2)(C). "In determining

whether to supplement the administrative record with additional

evidence, the proper inquiry is whether the additional evidence is 'relevant, non-cumulative and otherwise admissible.'" <u>C.D. ex rel. Dien Do v. Torrance Unified Sch. Dist.</u>, --- F. Supp. 2d ----, 2012 WL 751014, at *11 (C.D. Cal. Mar. 8, 2012) (quoting <u>E.M. v. Pajaro Valley Unified Sch. Dist.</u>, 652 F.3d 999, 1005 (9th Cir. 2011)). The party seeking to supplement the administrative record bears the "threshold burden of demonstrating, at the time of the request, that the supplemental evidence should be admitted." <u>Brandon H. ex rel. Richard H. v. Kennewick Sch. Dist. No. 17</u>, 82 F. Supp. 2d 1174, 1179 (E.D. Wash. 2000).

Plaintiff seeks leave to conduct discovery and supplement the record with educational records she argues VUSD failed to produce before the administrative due process hearing. (Pl.'s Mot. 3:2-4.) Plaintiff argues she only learned of the existence of these educational records "during the hearing itself." <u>Id.</u> at 3:4. Plaintiff argues specific portions of the hearing transcript support her argument. <u>Id.</u> at 3:10-19. Defendants counter that "[t]here is no evidence that additional documents exist or existed . . . [and] no witness testified to preparing progress reports or otherwise documenting VUSD's use of reading programs and strategies with D.A." (Defs.' Opp'n 8:21-23.)

Plaintiff argues "records . . . [of] several reading . . . programs claimed to have been provided to D.A. by VUSD and first identified at the hearing—Earobics, Language!, the Houghton-Mifflin program, and an unspecified 'intensive reading program' . . . as well as records of D.A.'s work in those programs[—]were never given to Plaintiff at all." (Pl.'s Mot. 3:5-12 (citing Swain Test., Hr'g Trans. 217:1-23, Nov. 30, 2010; Kennedy Hunt Test., Hr'g Trans. 72:9-73:10, Dec. 15, 2010).) Plaintiff supports this argument citing to the portion of the transcript in which Deborah Swain ("Swain") testified that she used

Earobics with D.A. by "plug[ging] him into the computer with headphones[.]" (Swain Test., Hr'g Trans. 217:1-23, Nov. 30, 2010.) She also testified that she used books on tape and stories in print in connection with the Read Naturally program. Id. She did not testify that she generated any written records regarding D.A.'s progress. Pamela Kennedy Hunt testified that D.A.'s teacher used a Houghton-Mifflin program to address D.A.'s reading comprehension, but she did not testify that there were any records concerning his progress. (Kennedy Hunt Test., Hr'g Trans. 72:9-73:10, Dec. 15, 2010.)

Plaintiff also argues "[a] District witness . . . testified that D.A. made five months['] growth in reading/decoding . . . but provided no evidence of testing for that alleged growth at [the] hearing." (Pl.'s Mot. 3:13-16 (citing Swain Test., Hr'g Trans. 248:1-8, Nov. 30, 2010.) In the portion of the transcript Plaintiff cites, Swain testified that D.A. made five months' growth in reading, and during that time she "g[ave] him the Lindamood-Bell." (Swain Test., Hr'g Trans. 248:1-8, Nov. 30, 2010.) However, the results of the Lindamood-Bell are in the administrative record. (See A.R. 1177-79.)

Plaintiff further argues "[a] witness testified that she provided D.A. with an intensive reading program to improve his reading comprehension[, but i]n response to the requests by Plaintiff, VUSD did not provide records of D.A.'s progress in an intensive reading program." (Pl.'s Mot. 3:19-21 (citing Swain Test., Hr'g Trans. 286:4-288:16, Nov. 30, 2010).) In the portion of the hearing transcript Plaintiff cites, Swain testified that she used "intensive reading services" with D.A., but she did not testify that she kept records concerning D.A.'s progress. (Swain Test., Hr'g Trans. 286:4-288:16, Nov. 30, 2010).)

The specific portions of the hearing transcripts on which Plaintiff relies do not support her argument, since the witnesses do not testify about the existence of records they kept or tests they gave to D.A. that are not already in the administrative record. Since Plaintiff has not identified any documents she seeks to obtain through discovery, this portion of her motion is DENIED.

Plaintiff also seeks leave to supplement the record with expert testimony "that a school psychologist is not competent to administer a test for [an auditory processing disorder ('APD')]." (Pl.'s Mot. 10:23-27.) Plaintiff argues "it is apparent that [the administrative law judge ('ALJ')] confused an 'audiology test,' with a test for '[APD]' and a test of cognitive ability." _Id._ at 10:7-9. Plaintiff argues the difference between "an 'audiological' assessment versus an APD assessment . . . was not an issue raised at [the] hearing." _Id._ at 5:5-9.

Defendants counter that expert testimony concerning the differences between an audiological assessment and an APD assessment is irrelevant, since "the [ALJ's] Decision contains no independent findings regarding the purpose and scope of an audiological assessment." (Defs.' Opp'n 11:3-8.) Defendants argue the ALJ "merely restated [in his Decision] the explicit language of VUSD's proposed assessment plan for [D.A.], to refute testimony of [a] Parent witness . . . and show VUSD offered [the] requested assessment to D.A." _Id._ at 11:8-10.

The ALJ stated in his Decision that Plaintiff's advocate requested an APD assessment at a meeting concerning Student's education on October 24, 2008, and FSUSD's program coordinator erroneously offered to have a school psychologist conduct the assessment. (ALJ Decision 6, _Parent v. Vacaville Unified Sch. Dist.,_ OAH Case No. 2010080262 (Feb. 2,

2011) (attached as Ex. A to Vaccaro Decl.).) The ALJ found that Plaintiff's advocate "[was] correct that an APD is a diagnoses made by an audiologist, and not by a school psychologist." Id. The ALJ further stated, in relevant part:

> The gravamen of [Plaintiff's] case is that [FSUSD] failed to diagnose [his] alleged [APD]. . . . [FSUSD] agreed to conduct the very assessment needed to confirm or to rule-out the existence of [an APD], but Mother failed to sign the assessment authorizing it.

Id. at 7. The Solano County SELPA Assessment Plan dated October 24, 2008 offers to have an *audiologist* to conduct the assessment, as Plaintiff argues she requested. (Assessment Plan, Oct. 24, 2008 (attached as Ex. C to Vaccaro Decl.).) The Assessment Plan was not signed by Plaintiff. Id. Since the ALJ found FSUSD offered Plaintiff to have an audiologist conduct the assessment, Plaintiff has not demonstrated that expert testimony "that a school psychologist is not competent to administer a test for APD" is relevant to her appeal from the ALJ's Decision. (See Pl.'s Mot. 10:23-27; E.M., 652 F.3d at 1005 (requiring evidence to be "relevant, non-cumulative and otherwise admissible").) Therefore, this portion of her motion is DENIED.

For the stated reasons, Plaintiff's motion is DENIED.

Dated:  September 6, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge